# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

STEPHANIE EGLAUS,
f/k/a STEPHANIE MERANTUS
an individual,

       Plaintiff,

v.

EXPERIAN INFORMATION
SOLUTIONS, INC.,
a foreign profit corporation, and
TRANS UNION LLC,
a foreign limited liability company,

       Defendants.

Case No.:

_____/

## PLAINTIFF'S NOTICE OF LEAD COUNSEL DESIGNATION

Plaintiff, STEPHANIE EGLAUS, by and through the undersigned counsel, pursuant to Middle District of Florida Local Rule 2.02(a), hereby designates Aaron M. Swift, Esq. as Lead Counsel for Plaintiff.

## COMPLAINT

**COMES NOW**, Plaintiff, STEPHANIE EGLAUS (hereinafter "Plaintiff"), by and through the undersigned counsel, and hereby files this Complaint against Defendants, EXPERIAN INFORAMTION SOLUTIONS, INC. (hereinafter, "Experian") and TRANS UNION LLC (hereinafter, "Trans Union") (hereinafter collectively, "Defendants"). In support thereof, Plaintiff states:

1

## PRELIMINARY STATEMENT

1.      This is an action brought by Plaintiff, an individual consumer, for damages resulting from Defendants' violations of the Fair Credit Reporting Act, 15 United States Code, Section 1681 *et seq*. (hereinafter, the "FCRA") wherein Defendants' failed to establish, maintain, and follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports and credit files published by Defendants with respect to the a tradeline Account that was reaffirmed through Plaintiff's Bankruptcy Case.

2.      More specifically, both Experian and Trans Union inaccurately, incompletely, and misleadingly credit-reported a reaffirmed automobile loan account as either included in or discharged through Plaintiff's voluntary bankruptcy case, failed to report a balance on the account, failed to report scheduled payments, and failed to report payments made on the account after January of 2025.

3.      Additionally, Experian and Trans Union inaccurately, incorrectly, and misleadingly failed to report that Plaintiff reaffirmed her Suncoast automobile loan through Plaintiff's bankruptcy case despite both Experian and Trans Union reporting Plaintiff's bankruptcy case as well as numerous other tradeline accounts as included in and/or discharged through Plaintiff's bankruptcy case.

4.      Furthermore, this is an action for damages for Defendants' violations of the FCRA wherein Defendants failed to reasonably investigate disputes Defendants received from Plaintiff demanding investigations and re-investigations of the disputed tradeline account as required by the FCRA.

2

**JURISDICTION, VENUE & PARTIES**

5.      Jurisdiction of this Court arises under 28 United States Code, Section 1331 as well as pursuant to the FCRA, 15 United States Code Section 1681 *et seq*.

6.      Defendants are subject to the jurisdiction of this Court as Defendants regularly conduct business in this District.

7.      Venue is proper in this District as the acts and transactions described herein originated and occurred in this District, Plaintiff filed her bankruptcy case and reaffirmation agreement in this District, and Plaintiff received a discharge order through her bankruptcy case in this District.

8.      At all material times herein, Plaintiff is a natural person residing in Hillsborough County, Florida.

9.      At all material times, Trans Union is a foreign limited liability company existing under the laws of Delaware with its principal place of business at 555 West Adams Street, Chicago, IL 60661.

10.     At all material times, Experian is a foreign profit corporation existing under the laws of Ohio with its principal place of business at 475 Anton Boulevard, Costa Mesa, CA 92626.

**FCRA STATUTORY STRUCTURE**

11.     Congress enacted the FCRA requiring consumer reporting agencies to adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a fair and equitable manner to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper

3

utilization of such information. *See* 15 United States Code, Section 1681b.

12.    Under the FCRA, whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure *maximum possible accuracy* of the information concerning the individual about whom the report relates. *Id.* at § 1681e(b) (emphasis added).

13.    Further, under the FCRA, whenever a consumer reporting agency receives a dispute from a consumer, the consumer reporting agency is required to provide written notice to the consumer including the results of a reinvestigation not later than five (5) business days after the completion of the reinvestigation. *Id*. at § 1681i(a)(6).

14.    Under the FCRA, any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer: in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure; for statutory damages of not less than $100 and not more than $1,000; for such amount of punitive damages as the court may allow; and for the costs of the action together with reasonable attorneys' fees.  *Id.* at § n.

15.    Under the FCRA, any person who is negligent in failing to comply with any requirement imposed with respect to any consumer is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure and the costs of the action together with reasonable attorneys' fees.  *Id.* at § o.

## GENERAL ALLEGATIONS

4

16.     At all material times herein, Plaintiff is an alleged "consumer" as defined by the FCRA, Section 1681a(c) because she is an individual and allegedly obligated to pay a debt.

17.     At all material times herein, Defendants' credit report information concerning a Suncoast Credit Union automobile loan account referenced by account number ending in -1000 (hereinafter, the "Suncoast Account" or "Account").

18.     At all material times herein, Experian and Trans Union are each considered a "consumer reporting agency" as defined in 15 United States Code, Section 1681a(f) of the FCRA and regularly engage in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports. Experian and Trans Union then disburse such consumer reports to third parties under contract for monetary compensation.

19.     At all material times herein, Defendants acted themselves or through their respective agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

20.     All necessary conditions precedent to the filing of this action occurred, or Defendants waived or excused the same.

## FACTUAL ALLEGATIONS

### PLAINTIFF'S BANKRUPTCY CASE, REAFFIRMATION AGREEMENT, AND DISCHARGE ORDER

21.     On or about January 9, 2025, Plaintiff filed a Voluntary Chapter 7

bankruptcy case in the Middle District of Florida, Orlando Division, identified by case number 6:25-bk-00119-GER (hereinafter, "Bankruptcy Case").

22.   In Plaintiff's Bankruptcy Case schedules, she listed Suncoast Credit Union as a secured creditor with respect to her automobile loan account (i.e., the Account).

23.   On or about January 22, 2025, Plaintiff entered into a *Reaffirmation Agreement* with Suncoast Credit Union (Hereinafter, "Suncoast")—filed in Plaintiff's Bankruptcy Case on January 9, 2025—wherein Plaintiff retained her automobile securing the debt and agreed to continue making monthly payments to Suncoast..

24.   More specifically, as of January 2025, Plaintiff reaffirmed the Suncoast Account in the amount of $20,506.00 with monthly payments of $522.92 beginning in February 2025.

25.   As such, the Account furnished by Suncoast was reaffirmed through Plaintiff's Bankruptcy Case and therefore was not subject to be discharged through Plaintiff's Bankruptcy Case.

26.   On or about April 9, 2025, the United States Bankruptcy Court entered an *Order of Discharge* (hereinafter, "Discharge Order") in Plaintiff's Bankruptcy Case.

27.   Again, the Discharge Order did not discharge Plaintiff's reaffirmed Suncoast Account.

### Trans Union's Credit Reporting of the Accounts and Plaintiff's Disputes to Trans Union

28.   Following the conclusion of Plaintiff's Bankruptcy Case, Plaintiff

disputed Trans Union's reporting errors of Suncoast Account and Trans Union subsequently failed to accurately update its reporting of such Account, subsequently generated credit reports containing errors, and published Plaintiff's credit reports to third-parties containing errors.

29.     More specifically, on or about August 29, 2025, following the Discharge Order and conclusion of Plaintiff's Bankruptcy Case, Plaintiff obtained a copy of her Trans Union credit report.

30.     Despite entering into the reaffirmation agreement with Suncoast with respect to Plaintiff's automobile loan account and continuing to make payments on such account since entering into the reaffirmation agreement, Trans Union was reporting the Suncoast account as discharged and failed to report that the Suncoast Account as reaffirmed through Plaintiff's Bankruptcy Case.

31.     Moreover, Trans Union failed to report Suncoast's Account balance, failed to report the scheduled monthly payments, and failed to report Plaintiff's monthly payment history after January of 2025.

32.     On or about November 11, 2025, Plaintiff sent a letter to Trans Union—with the assistance of her attorneys—wherein Plaintiff disputed Trans Union's reporting of the Suncoast Account without reporting such Account as reaffirmed through Plaintiff's Bankruptcy Case with a balanced owed and with recent payment history (hereinafter, Plaintiff's "First Dispute").

33.     With her First Dispute, Plaintiff enclosed a copy of the above-mentioned Suncoast Credit Union Reaffirmation Agreement filed on January 22, 2025 in addition

7

to the Discharge Order dated April 9, 2025.

34. Trans Union received Plaintiff's First Dispute.

35. Plaintiff did not receive any responses or dispute results from Trans Union in response to Plaintiff's First Dispute.

36. In January 2026, as a result of not receiving any dispute results from Trans Union, Plaintiff obtained her Trans Union report.

37. Despite Plaintiff First Dispute, Trans Union *still* failed to report the Suncoast Account as reaffirmed and instead continued reporting the account as "ACCOUNT INCLUDED IN BANKRUPTCY" without reporting the current balance owed on the Account.

38. Additionally, Trans Union failed to report an accurate payment history or scheduled payments on the Account since January 2025.

39. On or about February 6, 2026, Plaintiff sent *another* letter to Trans Union —with the assistance of her attorneys—wherein Plaintiff *again* disputed Trans Union's reporting of the Suncoast Account without reporting such Account as reaffirmed through Plaintiff's Bankruptcy Case with a balanced owed and with payment history (hereinafter, Plaintiff's "Second Dispute").

40. Plaintiff *again* enclosed with her Second Dispute a copy of the above-mentioned Suncoast Credit Union Reaffirmation Agreement filed on January 22, 2025, in addition to her Discharge Order dated April 9, 2025.

41. Plaintiff's Second Dispute also explained that Plaintiff did not receive any responses or dispute results from Trans Union in response to Plaintiff's First

Dispute.

42.     Trans Union received Plaintiff's Second Dispute.

43.     On or about March 10, 2026, Trans Union sent dispute results to Plaintiff wherein Trans Union asserted it verified its reporting of the Suncoast Account and continued to report the Account as discharged rather than reaffirmed through Plaintiff's Bankruptcy Case.

44.     On or about March 23, 2026, Plaintiff obtained a copy of her Trans Union credit report and Trans Union did mark the Suncoast Account as disputed.

45.     However, despite Plaintiff's previous disputes and accompanying documents, Trans Union was *still* reporting the Suncoast Account as "ACCOUNT INCLUDED IN BANKRUPTCY" rather than as reaffirmed, *still* failed to report any balance owed on the Suncoast Account, scheduled payments, or payment history.

46.     Such notation by Trans Union is inaccurate, incomplete, and materially misleading because Plaintiff reaffirmed the Suncoast Account and has continued making payments on the Account.

47.     Therefore, accurate and complete reporting would show the Account as reaffirmed with the current balance, scheduled payments, and payment history.

48.     Trans Union did not reasonably investigate or re-investigate Plaintiff's First Dispute and Plaintiff's Second Dispute.

49.     Without the accurate reaffirmation notation, a user of Plaintiff's Trans Union report could reasonably conclude that the Suncoast Account was included in and discharged through Plaintiff's Bankruptcy case and thus, Plaintiff was not and had

9

not made any payments on the reaffirmed Account.

50.   After the date the Discharge Order was entered in Plaintiff's Bankruptcy Case, Trans Union prepared and published Plaintiff's credit information to her current creditors and potential lenders which included the Account with inaccurate and incomplete information regarding Plaintiff's Bankruptcy Case and reaffirmation agreement.

**Experian's Credit Reporting of the Accounts and Plaintiff's Disputes to Experian**

51.   On or about August 29, 2025, following the Discharge Order and conclusion of Plaintiff's Bankruptcy Case, Plaintiff obtained a copy of her Experian credit report.

52.   Despite entering into the reaffirmation agreement with Suncoast with respect to Plaintiff's automobile loan Account and continuing to make payments on such Account since entering into the reaffirmation agreement, Experian was reporting the Suncoast account as "DISCHARGED THROUGH BANKRUPTCY CHAPTER 7/NEVER LATE" and failed to report that the Suncoast Account as reaffirmed through Plaintiff's Bankruptcy Case.

53.   Moreover, Experian was failing to report Suncoast's Account balance and also failed to report Plaintiff's monthly scheduled payments and payment history after January of 2025.

54.   On or about November 11, 2025, Plaintiff sent a letter to Experian—with the assistance of her attorneys—wherein Plaintiff disputed Experian's reporting of the Suncoast Account for failing to report such Account as reaffirmed through Plaintiff's

10

Bankruptcy Case with a balanced owed and with full payment history (hereinafter, Plaintiff's "First Dispute").

55.    Plaintiff enclosed with her First Dispute a copy of the above-mentioned Suncoast Credit Union reaffirmation agreement filed on January 22, 2025, in addition to her Discharge Order dated April 9, 2025.

56.    Experian received Plaintiff's First Dispute.

57.    Plaintiff did not receive any responses or dispute results from Experian.

58.    In January 2026, as a result of not receiving any dispute results from Experian, Plaintiff obtained her Experian credit report.

59.    Despite Plaintiff First Dispute, Experian *still* reported the Suncoast Account as "DISCHARGED THROUGH BANKRUPTCY CHAPTER 7/NEVER LATE" rather than the correct reaffirmed notation, *still* failed to report a balance owed on the reaffirmed Account, and *still* failed to report accurate payment history on the Account.

60.    Experian also failed to report the Suncoast Account as disputed on Plaintiff's credit report.

61.    On or about February 6, 2026, Plaintiff sent *another* letter to Experian — with the assistance of her attorneys—wherein Plaintiff *again* disputed Experian's reporting of the Suncoast Account for failing to report such Account as reaffirmed through Plaintiff's Bankruptcy Case with a balanced owed and with full payment history (hereinafter, Plaintiff's "Second Dispute").

62.    In addition, Plaintiff also asked Experian to mark the Account as

11

disputed on her credit report.

63. Plaintiff *again* enclosed with her Second Dispute a copy of the above-mentioned Suncoast Credit Union Reaffirmation Agreement filed on January 22, 2025, in addition to her Discharge Order dated April 9, 2025.

64. Plaintiff's Second Dispute explained that Plaintiff did not receive any responses or dispute results from Experian in response to Plaintiff's First Dispute.

65. Plaintiff's Second Dispute *again* requested that Experian investigate and forward her dispute to Suncoast Credit Union, update her credit reports and credit file to report the Suncoast Account as reaffirmed through Plaintiff's Bankruptcy Case with a correct balance owed, full payment history, and payment terms.

66. Experian received Plaintiff's Second Dispute.

67. On or about February 19, 2026, Experian sent an e-mail to Plaintiff acknowledging receipt of Plaintiff's Second Dispute and stating Experian was in the process of updating the disputed information using the documentation provided by Plaintiff.

68. Plaintiff received no further correspondence from Experian in response to her Second Dispute.

69. Again, having received no response from Experian regarding her Second Dispute, Plaintiff obtained a copy of her Experian credit report on or about March 23, 2026.

70. As of March 23, 2026, Experian *still* reported the Suncoast Account as "DISCHARGED THROUGH BANKRUPTCY/NEVER LATE" without reporting

the reaffirmation, the balance, or recent payment history.

71.    Such notation by Experian is inaccurate, incomplete, and materially misleading because Plaintiff reaffirmed the Suncoast Account and has continued making payments on the Account.

72.    Therefore, accurate and complete reporting would show the Account as reaffirmed with the current balance, scheduled payments, and payment history.

73.    Experian did not reasonably investigate or re-investigate Plaintiff's First Dispute and Plaintiff's Second Dispute.

74.    Without the accurate reaffirmation notation, a user of Plaintiff's Experian report could reasonably conclude that the Suncoast Account was included in and discharged through Plaintiff's Bankruptcy case and thus, Plaintiff was not and had not made any payments on the reaffirmed Account.

75.    After the date the Discharge Order was entered in Plaintiff's Bankruptcy Case, Experian prepared and published Plaintiff's credit information to her current creditors and potential lenders which included the Account with inaccurate and incomplete information regarding Plaintiff's Bankruptcy Case and reaffirmation agreement.

### DAMAGES AS TO BOTH DEFENDANTS

76.    As a result of Defendants' erroneous and unlawful reporting of the Account, Plaintiff dealt with the stress and anxiety of feeling hopeless, believing that she would be denied credit as a result of the erroneous and incorrect reporting of the Suncoast Account, and that Plaintiff would either be denied credit or pay higher

13

interest rates in the event she could obtain financing.

77.     Overall, Plaintiff suffered damage to her credit reputation as a result of Defendants' conduct, Defendants defamed Plaintiff's credit worthiness as well as Plaintiff's personal character, and Defendants unfairly discriminated against Plaintiff by ignoring—or failing to reasonably review—Plaintiff's Account at issue and Plaintiff's disputes following Plaintiff's Reaffirmation Agreement, Plaintiff's Bankruptcy Case, and Bankruptcy Discharge Order, and Plaintiff did not receive the benefit of a fresh start following the conclusion of her Bankruptcy Case.

78.     Plaintiff retained Swift Law PLLC for the purpose of pursuing this matter against Defendants, and Plaintiff is obligated to pay her attorneys a reasonable fee for their services.

79.     The FCRA, Sections 1681n or 1681o, or both, provide for the award of up to $1,000.00 statutory damages, actual damages, punitive damages, as well as an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against Defendants.

80.     As a result of Defendants' conduct, actions, and inactions, Plaintiff was denied credit and was also deterred from making further credit applications as she did not wish to further damage her credit score with futile credit inquiries, and she was continually evaluated for credit using consumer reports that reported the Account with a significant balance.

81.     Additionally, as a result of Defendants' actions, Plaintiff suffered emotional distress, anxiety, inconvenience, frustration, annoyance, fear, and

14

confusion, believing that despite entering into a valid reaffirmation agreement with Suncoast through her Bankruptcy Case, Plaintiff must simply endure Defendants' erroneous reporting of the Suncoast Account.

## COUNT ONE:
## FAIR CREDIT REPORTING ACT –
## VIOLATION OF 15 UNITED STATES CODE, SECTION 1681e(b)

Plaintiff re-alleges paragraphs one (1) through eighty-one (81) as if fully restated herein and further states as follows:

82.   Experian and Trans Union are both subject to, and each violated the provisions of, 15 United States Code, Section 1681e(b), by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

83.   Experian and Trans Union willfully and/or negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports regarding the Suncoast Account that was clearly reaffirmed through Plaintiff's Chapter 7 Bankruptcy Case.

84.   Following the conclusion of Plaintiff's Bankruptcy Case, Trans Union reported the Bankruptcy Case in the public records section of Plaintiff's credit reports but listed the Suncoast Account as "ACCOUNT INCLUDED IN BANKRUPTCY."

85.   Experian also reported the Bankruptcy Case in the public records section of Plaintiff's credit reports but listed the Suncoast Account as "DISCHARGED THROUGH BANKRUPTCY CHAPTER 7/NEVER LATE."

86.   Trans Union's and Experian's reporting of the Suncoast Account as

included in Bankruptcy or Discharged through Bankruptcy is false and evidences Experian and Trans Union's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit file.

87.     Furthermore, following multiple disputes from Plaintiff notifying Trans Union and Experian of its errors, Trans Union and Experian *still* generated and published Plaintiff's Trans Union and Experian credit reports without any payment information or history and without including the correct reaffirmed status indication despite Plaintiff entering into the *Reaffirmation Agreement* with respect to the Suncoast Account.

88.     Additionally, despite Plaintiff providing the Reaffirmation agreement which showed the Suncoast Account was reaffirmed on or about January 2025, both Trans Union and Experian failed to report the Account as reaffirmed.

89.     Trans Union's and Experian's reporting of the Suncoast Account was false and evidences Trans Union's and Experian's failure to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit file.

90.     Furthermore, following multiple disputes from Plaintiff notifying Trans Union and Experian of its errors, Trans Union and Experian *still* generated and published Plaintiff's Trans Union and Experian credit reports without reporting a balance and recent payment history on  the Suncoast Account.

91.     Between April 2025 and the date of this Complaint, Trans Union and Experian each generated and published Plaintiff's credit reports to Plaintiff's creditors

16

and potential lenders including the above-referenced inaccurate, incomplete, and/or materially misleading Suncoast Account information.

92.     Trans Union and Experian willfully and/or negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files following the conclusion of Plaintiff's Bankruptcy Case.

93.     Overall, Plaintiff suffered damage to her credit reputation as a result of Defendants' conduct, Defendants defamed Plaintiff's credit worthiness as well as Plaintiff's personal character, and Defendants unfairly discriminated against Plaintiff by ignoring—or failing to reasonably review—Plaintiff's Account and Plaintiff's disputes following Plaintiff's Bankruptcy Case, and Plaintiff did not receive the benefit of a fresh start following the conclusion of her Bankruptcy Case.

94.     As a result of Trans Union's and Experian's conduct, actions, and inactions, Plaintiff suffered damage to her credit reputation and credit worthiness, was denied credit, was deterred from making additional credit applications as she believed she did not wish to further damage her credit score with futile credit inquires, and she was continually evaluated for credit using consumer reports that reported the Account inaccurately and/or incompletely.

95.     Trans Union's and Experian's actions were a direct and proximate cause of, as well as a substantial factor in, serious injuries, damages, and harm to Plaintiff as stated herein.

96.     Trans Union's and Experian's violations of 15 United States Code Section 1681e(b), constitute negligent or willful noncompliance—or both—with the

17

FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n, or 1681o, or both.

**COUNT TWO:**
**FAIR CREDIT REPORTING ACT –**
**VIOLATION OF 15 UNITED STATES CODE, SECTION 1681i** *et seq.*

Plaintiff re-alleges paragraphs one (1) through eighty-one (81) as if fully restated herein and further states as follows:

97.    Experian and Trans Union are subject to, and violated the provisions of, 15 United States Code, Section: 1681i(a)(1), by failing to conduct reasonable re-investigations of Plaintiff's disputes to determine whether the disputed information was inaccurate and by failing to subsequently update the inaccurate information in Plaintiff's credit reports and credit files; 1681i(a)(4), by failing to review and consider all relevant information received in Plaintiff's disputes, including all relevant attachments; 1681i(a)(5) by failing to update or delete any information that was the subject of Plaintiff's disputes found to be inaccurate or that could not be verified; and 1681i(a)(6) by failing to provide written notice of Defendants' re-investigation results within five (5) business days after the completion of the investigation.

98.    Specifically, Trans Union and Experian willfully and/or negligently refused to properly re-investigate Plaintiff's consumer reports upon receiving Plaintiff's disputes, as described herein.

99.    Overall, Plaintiff's disputes provided Trans Union and Experian with sufficient information and supporting documentation allowing Trans Union and

Experian to identify the Account was reaffirmed through Plaintiff's Bankruptcy Case, and therefore, should include the notation that such Account was in fact reaffirmed through Plaintiff's Bankruptcy Case.

100.   Trans Union and Experian possessed sufficient information regarding Plaintiff's Reaffirmed Suncoast Account to accurately report the Suncoast Account as reaffirmed.

101.   Despite Plaintiff's repeated disputes to both Trans Union and Experian, each failed to perform a reasonable re-investigation because they continued to report the Suncoast Account as either included in or discharged through Plaintiff's Bankruptcy Case.

102.   Furthermore, both Experian and Trans Union did not provide written dispute results to Plaintiff in response to at least one of Plaintiff's disputes.

103.   Despite Plaintiff's repeated disputes, Experian and Trans Union failed to perform a reasonable re-investigation because each continued to report the Suncoast Account without reporting such Account as reaffirmed through Plaintiff's Bankruptcy Case, without reporting the current balance, and without reporting payment history.

104.   Experian and Trans Union failed to update the Account in Plaintiff's credit report and credit file in response to Plaintiff's various disputes and failed to request documents from Suncoast to support their reporting of the Accounts.

105.   As such, Experian's and Trans Union's re-investigations were not conducted in such a way as to assure whether information regarding Plaintiff and the Account was inaccurate and each failed to subsequently update and remove the

19

inaccurate information in Plaintiff's credit reports and credit files.

106. Such reporting is false and evidences Trans Union's and Experian's failure to conduct reasonable re-investigations of Plaintiff's repeated disputes.

107. Defendants' reinvestigations of Plaintiff's disputes were not conducted reasonably.

108. Defendants' reinvestigations of Plaintiff's disputes were not conducted in good faith.

109. Defendants' reinvestigation procedures are unreasonable.

110. Defendants' re-investigations of Plaintiff's disputes were not conducted using all information reasonably available to Defendants.

111. Experian's and Trans Union's failure to review and reasonably consider all information received in Plaintiff's disputes—which clearly showed the Suncoast Account was reaffirmed and therefore should be indicated as such on Plaintiff's credit report—was done in bad faith.

112. Experian's and Trans Union's reinvestigations were *per se* deficient because of these failures in Experian's and Trans Union's reinvestigations of Plaintiff's disputes and the Account.

113. As a result of Experian's and Trans Union's conduct, actions, and inactions, Plaintiff suffered damage to her credit reputation and credit worthiness, was denied credit, was deterred from making further credit applications as she believed she would not be able to obtain favorable credit terms as a result of Defendants' derogatory and continued reporting of the Account, did not wish to further damage her credit

score with futile credit inquires, and she was continually evaluated for credit using consumer reports that reported the Account without the proper reaffirmation indication and without payment information resulting in the Account potentially being reported as derogatory, negative, or adverse.

114.   Overall, Plaintiff suffered damage to her credit reputation as a result of Defendants' conduct, Defendants defamed Plaintiff's credit worthiness as well as Plaintiff's personal character, and Defendants unfairly discriminated against Plaintiff by ignoring—or failing to reasonably review—Plaintiff's Account and Plaintiff's disputes following Plaintiff's Bankruptcy Case, and Plaintiff did not receive the benefit of a fresh start following the conclusion of her Bankruptcy Case.

115.   Trans Union's and Experian's actions were a direct and proximate cause of, as well as a substantial factor in, serious injuries, damages, and harm to Plaintiff as stated herein.

116.   Experian's and Trans Union's actions in violation of 15 United States Code, Section 1681i(a)(1), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive, damages, as well as attorneys' fees and costs enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of Defendants' conduct, Plaintiff respectfully requests an entry of:

      a.    Judgment against Experian and Trans Union for maximum

statutory damages for violations of the FCRA;

b.    Actual damages in an amount to be determined at trial;

c.    Compensatory damages in an amount to be determined at trial;

d.    Punitive damages in an amount to be determined at trial;

e.    An award of attorneys' fees and costs; and

f.    Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendants and demands that Defendants and their affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

Respectfully submitted,

**SWIFT LAW PLLC**

/s/ *Aaron M. Swift*

**Aaron M. Swift, Esq., FBN 0093088**
Jordan T. Isringhaus, Esq., FBN 0091487
Sean E. McEleney, Esq., FBN 125561
Jessica A. Cowan, Esq., FBN 1069016
11300 4th Street N., Suite 260
St. Petersburg, FL 33716
Phone: (727) 490-9919
Fax: (727) 255-5332
aswift@swift-law.com
jisringhaus@swift-law.com
smceleney@swift-law.com
jcowan@swift-law.com
jmurphy@swift-law.com
*Counsel for Plaintiff*

22